RECEIVED
IN LAKE CHARLES, LA

MAR 3 1 2009

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| REV. LAWRENCE MILLER | : | DOCKET NO. 2:08 CV 1131 |
| VS. | : | JUDGE MINALDI |
| ANTHONY MANCUSO, SHERIFF OF CALCASIEU PARISH, LOUISIANA; BRENT CLOUD AND MIKE AYMOND, CALCASIEU PARISH SHERIFF'S DEPUTIES; AND ST. PAUL FIRE AND MARINE INSURANCE COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, [doc. 4], filed on behalf of defendant Sheriff Anthony Mancuso, both individually and in his official capacity. The plaintiff, Reverend Lawrence Miller, filed an Opposition [doc. 11]. Sheriff Mancuso did not file a Reply.

### A.) RULE 12(b)(6) STANDARD

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations. Fed. R. Civ. P. 12(b)(6). When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). To avoid dismissal under a Rule 12(b)(6) motion, plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face." *Id.* at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption

1

that all the allegations in the complaint are true (even if doubtful in fact)..." *Id.* at 1965.

Accordingly, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." *Id.*

### B.) ANALYSIS

Sheriff Mancuso filed this motion seeking to dismiss the allegations against him in: 1) his

individual capacity because a Sheriff cannot be held personally liable for torts committed by his

deputies within the scope of his employment; and, 2) his official capacity because he argues that

there is no vicarious liability under § 1983.[1] On February 12, 2009, Reverend Miller filed an

amended complaint.[2] In the amended complaint, Reverend Miller alleges that he is suing Sheriff

Mancuso in his official capacity only.[3] Accordingly, insofar as Reverend Miller's original complaint

alleged claims against Sheriff Mancuso in his individual capacity, those claims are hereby

DISMISSED.

Next, this Court must consider whether Reverend Miller has stated a claim against Sheriff

Mancuso in his official capacity. The second amended complaint alleges that Sheriff Mancuso failed

to "properly train and/or supervise and/or negligently trained and/or supervised the deputies," and

this failure caused harm to unarmed people such as Reverend Miller.[4] Further, the second amended

---

[1] Def.'s Mot. to Dismiss [doc. 4].

[2] Amended Compl. ¶ 5 [doc. 6]. Reverend Miller also filed a second amended complaint; however, the second amended complaint does not alter any information pertaining to Sheriff Mancuso. Second Amended Compl. (March 12, 2009) [doc. 17].

[3] Amended Compl. ¶ 5 [doc. 6]; *see also* Pl.'s Opp'n to Def.'s Mot. to Dismiss [doc. 11], at 1.

[4] Second Amended Compl. ¶ 9 [doc. 17].

complaint also alleges that "the failure to have adequate and proper procedures" results in "the use

of excessive and unwarranted force....["](5) Reverend Miller also alleges that Sheriff Mancuso did not

properly train his deputies to protect the constitutional rights of citizens to peacefully assemble.[6]

Sheriff Mancuso did not file a Reply addressing Reverend Miller's amended complaints.

In his Motion to Dismiss, Sheriff Mancuso states that "Section 1983 liability may not be

imposed under traditional principles of *respondeat superior*," and cites *Benavides v. County of*

*Wilson*, 955 F.2d 968 (5th Cir. 1982) for this proposition. *Benavides*, however, provides that "a

municipality may not be held strictly liable for the acts of its non-policy-making employees under

a *respondeat superior* theory," but that "a municipality may incur § 1983 liability for its employees'

acts when a municipal policy of hiring or training causes those acts." *Id.* at 972 (stating that "to

prove that a municipal hiring or training policy violated [a plaintiff's] rights under § 1983 [the

plaintiff] must show that (1) the training or hiring procedures of the municipality's policymaker were

inadequate; (2) the municipality's policymaker was deliberately indifferent in adopting the hiring or

training policy; and (3) the inadequate hiring or training policy directly caused the plaintiff's injury").

It is well-established that "a local government is liable under § 1983 for its policies that cause

constitutional torts." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 468 (5th Cir. 1999) (noting that

the court must identify the proper official who has policymaking authority "for the local government

actor concerning the action alleged to have caused the particular constitutional or statutory violation

at issue"). Furthermore, a lawsuit against a government officer in his official capacity is akin to

---

[5] *Id.*

[6] *Id.* ¶ 10.

suing the entity of which the officer is an agent. *Id.* Therefore, to determine whether a government officer is properly sued in his official capacity, the court must determine that official is a policymaker, which turns on state law. *Id.* In Louisiana, when a plaintiff seeks to hold a sheriff vicariously liable for the torts of his deputies and not his own negligence, "the sheriff in his official capacity is the appropriate governmental entity on which to place responsibility for the torts of a deputy sheriff." *Id.* at 470.

Reverend Miller's amended and second amended complaints sue Sheriff Mancuso in his official capacity only. Moreover, Reverend Miller alleges that Sheriff Mancuso failed to properly train and/or supervise his deputies, which, if true, is a valid cause of action. Accepting all allegations as true, as is required under a Rule 12(b)(6) motion, this Court finds that Reverend Miller has stated "a claim to relief that is plausible on its face" against Sheriff Mancuso in his official capacity; accordingly,

IT IS ORDERED that the Motion to Dismiss, [doc. 4], is hereby GRANTED in part and DENIED in part. The Motion is GRANTED insofar as any claims against Sheriff Mancuso in his individual capacity are hereby DISMISSED; the Motion is DENIED as to all claims against Sheriff Mancuso in his official capacity.

Lake Charles, Louisiana, this ___31___ day of ___March___ 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE