RECEIVED
IN LAKE CHARLES, LA

MAY 2 6 2009
₱₳₥
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| REV. LAWRENCE MILLER | : | DOCKET NO. 2:08 CV 1131 |
| VS. | : | JUDGE MINALDI |
| ANTHONY MANCUSO, SHERIFF OF CALCASIEU PARISH, LOUISIANA; BRENT CLOUD AND MIKE AYMOND, CALCASIEU PARISH SHERIFF'S DEPUTIES; AND ST. PAUL FIRE AND MARINE INSURANCE COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion for Summary Judgment, [doc. 25], filed on behalf of defendant Sheriff Anthony Mancuso. The plaintiff, Reverend Lawrence Miller, filed an Opposition [doc. 31]. Sheriff Mancuso filed a Reply [doc. 32].

Sheriff Mancuso seeks summary judgment on claims that he failed to properly train and/or supervise deputies Brent Cloud and Mike Aymond. In support of his motion, Sheriff Mancuso attaches an affidavit in which he states he has not issued any verbal or written orders directing anyone at the Calcasieu Parish Sheriff's Department to arrest without probable cause, engage in racially motivated acts, make warrantless searches, or use excessive force.[1] Sheriff Mancuso also argues that Reverend Miller does not have any evidence to defeat the summary judgment motion.

Reverend Miller filed an opposition asking that this Court either deny or hold in abeyance

---

[1] Def.'s Ex. A (Mancuso Aff.)

1

the summary judgment motion because discovery in this case began April 14, 2009,[2] and he has not had adequate opportunity to conduct discovery and produce evidence to refute the summary judgment motion. Moreover, Reverend Miller states that he has propounded interrogatories, requested production of documents, and sought available dates on which to schedule the depositions of Sheriff Mancuso, Brent Cloud, and Mike Aymond. Reverend Miller thus argues that adequate discovery may allow him to produce evidence to prove his claim of failure to train.

In Reply, Sheriff Mancuso states that Reverend Miller should have filed a Rule 56(f) motion and affidavit requesting the summary judgment ruling be deferred because additional discovery remains outstanding.

Fed. R. Civ. P. 56(f) states:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The Fifth Circuit has noted:

> The nonmoving party's failure to tailor its request for additional discovery to fit Rule 56(f)'s precise measurements does not necessarily foreclose the court's consideration of the request. Although the preferred procedure is to present an affidavit in support of the requested continuance, so long as the nonmoving party indicates to the court by "some equivalent statement, preferably in writing" of its need for additional discovery, the nonmoving party is deemed to have invoked the rule.

*Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266-67 (5th Cir. 1991) (noting that although

---

[2] Magistrate Judge Kay accepted the proposed plan of work on April 13, 2009 [doc. 21].

2

a litigant need not file a formal Rule 56(f) motion, the party must at least show 1) why additional discovery is necessary, and 2) how the discovery would create a genuine issue of material fact). Thus, the Fifth Circuit has recognized that "courts are willing to accept something less than a formal 56(f) request from litigants." *Joseph v. City of Dallas*, 277 Fed. Appx. 436, 443-44 (5th Cir. 2008).

Furthermore, Rule 56(f) motions "are generally favored, and should be liberally granted." *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999). A continuance of a motion for summary judgment "should be granted almost as a matter of course" when "the evidence that the non-moving party contends will create a genuine issue for trial is in the exclusive possession of the moving party..." *Int'l Shortstop, Inc.*, 939 F.2d at 1267.

This Court finds that Reverend Miller's opposition properly invokes the protections of Rule 56(f) because discovery has just begun in this case. In opposition, Reverend Miller states that permitting discovery as scheduled will likely uncover evidence that supports his claim. The absence of an affidavit is not fatal to Reverend Miller's request for continuance pending discovery, especially given that the docket clearly establishes that discovery commenced just one week prior to Sheriff Mancuso filing this summary judgment motion and is scheduled to last until July 31, 2009. This Court is therefore persuaded that Reverend Miller should have until the close of discovery to oppose this motion. This conclusion is further bolstered by the fact that Reverend Miller is not seeking additional discovery, but is requesting that he be permitted to conduct the initial discovery as scheduled to oppose the summary judgment motion.

According to the parties' second proposed plan of work, their discovery is due by July 31,

2009.[3] Pursuant to the Scheduling Order, dispositive motions are due by August 4, 2009.[4] Because discovery has just begun, and the plaintiff is unable to substantively refute the summary judgment motion,

IT IS ORDERED that the Motion for Summary Judgment is hereby STAYED pending discovery. Reverend Miller shall have until **August 19, 2009**, which is fifteen (15) calendar days from the August 4 deadline for filing dispositive motions, to file an Opposition. Sheriff Mancuso shall have ten (10) days from the filing of the Opposition in which to file a Reply.

Lake Charles, Louisiana, this ___ day of _____, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[3] Plan of Work (April 13, 2009) [doc. 23].

[4] Scheduling Order (May 1, 2009) [doc. 28].

4