RECEIVED
IN LAKE CHARLES, LA
OCT 22 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| REV. LAWRENCE MILLER | : | DOCKET NO. 2:08 CV 1131 |
| VS. | : | JUDGE MINALDI |
| ANTHONY MANCUSO, SHERIFF OF CALCASIEU PARISH, LOUISIANA; BRENT CLOUD AND MIKE AYMOND, CALCASIEU PARISH SHERIFF'S DEPUTIES; AND ST. PAUL FIRE AND MARINE INSURANCE COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment, [doc. 34], filed by defendants Brent Cloud, Mike Aymond, and St. Paul Fire and Marine Insurance Company ("St. Paul"). The plaintiff, Reverend Lawrence Miller, filed an Opposition [doc. 42]. Defendants Cloud, Aymond, and St. Paul filed a Reply [doc. 43].

## FACTS

On August 6, 2007, Calcasieu Parish Sheriff's Deputies Brent Cloud and Mike Aymond arrested Rev. Miller in the parking lot of the Calcasieu Parish Career Center.[1] The Calcasieu Parish School Board had previously granted Rev. Miller and members of New Faith Missionary Baptist Church permission to use the Career Center facilities.[2] According to Rev. Miller, Cloud and Aymond used excessive force to arrest him by grabbing his throat, choking him, and slamming his

---

[1] Second Amend. Compl. ¶¶ 11, 12, 18 [doc. 17].

[2] *Id.* ¶ 12.

body into the concrete.[3] Rev. Miller alleges that the deputies' actions violated his Constitutional rights and amounted to unlawful arrest and seizure.[4] Rev. Miller further alleges that Cloud and Aymond intentionally inflicted serious personal injuries upon him without cause or legal justification because of his race and that they were negligent in not following proper procedures or taking due care to prevent his injuries.[5]

On August 5, 2008, Rev. Miller filed suit against Sheriff Anthony Mancuso, two unnamed Calcasieu Parish Sheriff's Deputies and XYZ Insurance Company. Rev. Miller filed an amended complaint on February 12, 2009, again referring to Sheriff Mancuso, two unknown deputies, and XYZ Insurance Company. On March 12, 2009, Rev. Miller filed another complaint, naming Deputies Brent Cloud and Mike Aymond, and St. Paul Fire and Marine Insurance Company.

This Court granted Sheriff Mancuso's Motion for Summary Judgment, dismissing Rev. Miller's claims against Sheriff Mancuso.[6] A jury trial is set for November 2, 2009.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial.

---

[3] *Id.* ¶¶ 18, 19.

[4] *Id.* ¶ 26.

[5] *Id.* ¶ 27.

[6] *See* Mem. Ruling granting Sheriff Mancuso's Motion for Sum. Judg. [doc. 25].

*Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party..." *Id.*

## ANALYSIS

Rev. Miller alleges claims against all defendants under 42 U.S.C. § 1981, 1983, 1985(2) and (3), 1986, and 1988, and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Rev. Miller also asserted state law claims arising under La. Civ. Code Articles 2315, 2315.1, 2315.2, 2316, 2317, and 2324, and under Sections 2, 3, 5, 7, 13, and 20 of the Louisiana Constitution.

This Court previously dismissed all of Rev. Miller's claims against Sheriff Mancuso, the only named defendant in Rev. Miller's original complaint. Without Sheriff Mancuso as a defendant in the lawsuit, the analysis shifts to whether or not Rev. Miller filed timely claims against Defendants Cloud, Aymond, and St. Paul.

Cloud, Aymond, and St. Paul argue that Rev. Miller's amended complaint naming them as defendants prescribed and did not relate back to the original complaint. The late-named defendants point out that Rev. Miller knew the names and identities of the deputies within days of his arrest, yet did not properly name them as defendants within the one year prescriptive period.

Rev. Miller argues that the amended complaint relates back because it meets all of the requirements of Fed. R. Civ. P. 15(c). Rev. Miller contends that he was unable to accurately name the two deputies involved in his arrest until he filed his second amended complaint on March 12, 2009. Additionally, Rev. Miller argues that the names of Deputies Cloud and Aymond, and St. Paul were added as defendants just three days after receiving their identifying information from defense counsel.

Section 1983 does not provide for a statute of limitations; rather, the forum state's personal injury statute of limitations applies to section 1983 actions. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (citing *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (internal citations omitted)). Louisiana law provides a one year statute of limitations for delictual actions. La. Civ. Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989).

Suit against one alleged tortfeasor interrupts prescription against all joint tortfeasors. La. Civ. Code Article 2324(c). However, if no liability is found on the part of a timely sued alleged tortfeasor, then prescription is not interrupted as to untimely sued tortfeasors, as no joint or solidary obligation exists. *Gallina v. Hero Lands Company*, 859 So.2d 758, 756 (La. App. Ct. 4th Cir. 2003) (internal citations omitted). "Prescription is not interrupted as to an actual defendant when only a fictitious defendant is named in a petition, unless prescription is interrupted by some other means." *Id.* (quoting *Hill v. Shell Oil Co.*, 760 So.2d 511, 512-13 (La. Ct. App. 5th Cir. 2003)).

The Fifth Circuit has held that a late amendment substituting a named defendant for a previously unidentified defendant does not relate back to the original complaint to prevent dismissal for prescription. *Jacobsen v. Osborne*, 133 F.3d 315 (5th Cir. 1998). In Jacobsen, the plaintiff filed a section 1983 action against multiple defendants, including an unnamed deputy he identified as "John Doe." *Id.* at 317. After expiration of the statute of limitations, the plaintiff tried to add as

defendants deputies whose identities he learned through discovery. *Id.* at 317-18. The Fifth Circuit held that relation back was denied when the proposed amendment would substitute a named party for "John Doe" where no "mistake" was present within the meaning of Fed. R. Civ. P. 15(c)(3). *Id.* at 320-21.

The defendants present evidence demonstrating that there was no mistake concerning the deputies' identities. Rev. Miller alleges that he was unable to identify the deputies until he received their identifying information from defense counsel.[7] Rev. Miller's deposition testimony, however, reveals that he was aware of their identities very soon after his arrest. Specifically, Rev. Miller testified that he learned the name of Deputy Cloud the night of his arrest and learned of Deputy Aymond's identity just a few days later.[8] Rev. Miller has presented no evidence demonstrating there is a genuine issue for trial regarding the mistaken identities of the unnamed defendants.

Furthermore, this Court previously dismissed all of Rev. Miller's claims against Sheriff Anthony Mancuso. Rev. Miller's original complaint filed on August 5, 2008 named two unnamed deputies and an unidentified insurance company. Rev. Miller did not amend his complaint to name the deputies and insurance company until March 12, 2009, more than one year following his arrest. Sheriff Mancuso was found not liable for any acts involving Rev. Miller's arrest; therefore, prescription was not interrupted as to the remaining defendants. For these reasons, the claims against Defendants Cloud, Aymond, and St. Paul are hereby dismissed.

IT IS ORDERED that the Motion for Summary Judgment [doc. 34], filed by Defendants Cloud, Aymond, and St. Paul is hereby GRANTED.

IT IS FURTHER ORDERED that all claims against Brent Cloud, Mike Aymond and St. Paul

---

[7] Pl.'s Opp. [doc. 42].

[8] Def.'s Reply [doc. 43], Ex. N.

Fire and Marine Insurance Company are hereby DISMISSED with prejudice at the plaintiff's cost.

Lake Charles, Louisiana, this 2͟t͟ day of October, 2009.

                                                PATRICIA MINALDI  
                                                UNITED STATES DISTRICT JUDGE